### A. G. TALBOTT, ET AL., *v.* BANK OF KENTUCKY.

**Bills and Notes—Bank's Negligence in Failing to Collect—Liability.**

Where nothing appears showing that the maker of a note or the acceptor of a bill has been discharged as to the note or bill or that either has become insolvent, a petition against a bank for negligence in failing to take steps to bind the endorsers fails to state a cause of action against the bank, because it is not shown that plaintiff has suffered any loss.

#### APPEAL FROM MERCER CIRCUIT COURT.

September 2, 1875.

OPINION BY JUDGE COFER:

This action was brought by the appellee against the appellants, Talbott and Jones, June 19, 1862, upon a note executed by them to the appellee's branch bank at Danville, August 24, 1861, for the sum of $8,627.26, due one hundred and thirty days after date.

The appellants answered, in substance, that Talbott was liable to the bank as endorser of a bill of exchange received by him from G. B. Moss & Co., in payment for a lot of mules sold to them, which bill he had sold and endorsed to the bank; that Moss & Co. took the mules to the south, and sold them on credit, and returning about the time their bill matured, they offered to discount to the bank notes and bills received by them for the price of the mules, in order to take up their bill held by the bank, but this offer was declined; that it was then agreed that Talbott should take up the bill by executing to the bank his note for the amount, with the appellant, Jones, as surety, and should receive from Moss & Co. the notes and bills they held, and leave them with the bank as collateral security

for the note; that pursuant to that agreement the note sued on was executed by the appellants, and the notes and bills held by Moss & Co. were endorsed by them to Talbott, and by him to the bank; that the bank undertook to collect the notes and bills, and to apply so much of the proceeds as should be necessary for that purpose, to the satisfaction of the notes sued on, and pay over to Talbott the residue; that all the parties on said notes and bills were solvent, and the amounts thereof could have been collected by reasonable diligence, but that the bank had been guilty of gross negligence in regard to two of them, to wit, a note for $667.38, and a bill for $2,953.14, both payable at New Orleans, Louisiana, February 1, 1862, and both of which were by law placed upon the footing of foreign bills of exchange, and required proper presentment and demand of payment, and in case of non-payment, protest and notice to the payees and endorsers in order to hold them bound; that no steps had been taken by the bank to collect either the note or bill, or to fix the liability of the payees and endorsers thereon.

They relied upon these facts as a counterclaim, and prayed judgment against the bank for the amount of the note and bill. In reply, the bank denied that the notes and bills, or any of them, were received as collateral security for the payment of the note sued upon, but admitted that the proceeds, when collected, were to go to the credit of Talbott on the note. It denied all negligence, and claimed that the notes and bills were received to be collected solely for Talbott's accommodation, and without any compensation whatever.

No matter what may have been the character of the bank's holding, or what interest it had in the notes and bills, or what the degree of the negligence of which it may have been guilty, before it can be made liable, to Talbott, it must be shown that he had sustained some loss in consequence of the negligence complained of, and unless this has been made to appear, the judgment dismissing his counterclaim must be affirmed.

All the endorsers, including Moss & Co., have been released from liability; and it clearly appears that if all had been held liable by due presentment and protest of the note and bill and notice of their dishonor, the great part, if not the whole, of each could have been collected. But, although all the endorsers may be released, it does not follow that Talbott has sustained any loss, or that he is entitled to recover against the bank, even conceding that it has been guilty of gross negligence in failing to take the steps necessary to hold

31

the endorsers liable. For aught that appears in the record, the maker of the note and the acceptor of the bill may be forced to pay them.

Neither want of presentment, protest or notice will discharge the maker of a note, or the acceptor of a bill. They each stand in the same relation to the holder, and their undertaking to pay is absolute, and their liability does not depend upon presentment, protest or notice, or upon all of them together. *Rice v. Hogan and Thompson,* 8 Dana 134; *Bank of the United States v. Smith,* 11 Wheat. (U. S.) 171; *Wallace v. McConnell,* 13 Peters (U. S.) 136; *Foden & Slater v. Sharp,* 4 Johnson (N. Y.) 183; *Watkins v. Cronch & Co.,* 5 Leigh (Va.) 567; *Bowie v. Duvall,* 1 Gill & J. (Md.) 175.

If the makers of the note or the acceptor of the bill had money at the place of payment at the maturity of his obligation to pay it, he might, when sued, rely upon that fact to exonerate him from damages and costs; or if the note or bill was payable at a bank, and he had placed funds there to meet it, which were lost by the failure of the bank, or had in any other way sustained damages by the failure of the holder to demand payment, he would be exonerated from liability to the extent of the loss or injury thereby sustained.

There is no allegation in the counterclaim in this case of any fact showing that the maker or acceptor has been discharged as to the whole or any part of either the note or bill, or that either has become insolvent, and there is, therefore, nothing to show that Talbott has suffered any loss for which he was entitled to recover.

There is nothing in the record to show that anything has been paid beyond the sums credited in the judgment.

Judgment *affirmed.*

*Thompson & Thompson, for appellants.*
*M. J. Durham, for appellee.*